NO. 07-03-0510-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



AUGUST 17, 2004



______________________________




EX PARTE BALDOMARO GONZALES ORTEGON


_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B15165-0310; HON. ED SELF, PRESIDING



_______________________________



Before QUINN and CAMPBELL, JJ., and BOYD, S.J. (1)

 This is an appeal from a trial court denial of habeas corpus relief. The case
underlying the application for habeas corpus is appellant's conviction, after a guilty plea,
of the misdemeanor offense of driving while intoxicated (DWI) in Hale County. In
challenging the denial of the release sought, appellant asserts that the county court
reversibly erred in accepting his guilty plea and approving his plea bargain with the State
because the county judge denied him appointed counsel after he had initially asked for
such appointment and made a prima facie showing of his indigence. In denying him
appointed counsel, appellant urges the trial court violated article 26.04 of the Code of
Criminal Procedure, as well as the Sixth Amendment to the Federal Constitution and
denied him a fair trial by forcing him to enter the guilty plea which resulted in the
misdemeanor conviction DWI. 

 As a result of the guilty plea, and on November 27, 2002, appellant was found guilty
and, in compliance with a plea bargain, the county judge assessed his punishment at a one
year jail sentence, suspended for two years under community supervision, and a $750 fine. 
On May 9, 2003, his community supervision probation was revoked and he was ordered
to serve one year's confinement in the Hale County jail. On October 2, 2003, appellant
filed the habeas corpus proceeding denied by the 242nd District Court, thus giving rise to
this appeal. For reasons hereinafter stated, we affirm the judgment of the trial court. 

 The record reveals that subsequent to his November 18, 2002 arrest for driving
while intoxicated, appellant filed an indigency application seeking appointment of an
attorney. In the affidavit, he stated that he was self employed and had a gross income of
$200 per month. He also owned a vacant building located on the main street of Petersburg
which he estimated was worth $5,000, as well as a 1978 Cadillac automobile with an
estimated value of $5,000. Appellant estimated his monthly expenses at $1,341 per
month, which included $150 per week gasoline expenses and $400 telephone expense.
On November 18, 2002, without a hearing, and based upon his affidavit, his request for
appointment of an attorney was refused by the county judge. 

 However, at the November 27, 2002 trial on the merits of the DWI case, appellant
executed a written waiver of legal counsel and a request to be allowed to waive a jury trial
and to enter a guilty plea. The case proceeded to trial on that day and resulted in the 
county judge honoring his plea bargain with the State and assessing his punishment as we
stated above.

 At the hearing on his habeas corpus application, appellant averred that at the time
of his trial on the merits, he again requested the appointment of an attorney, which was
refused, and in response to questioning by the judge, told him that his financial situation
had not changed, and he wished to have an attorney appointed. He testified to the
colloquy with the judge: ". . . it was about me guilty or not guilty, and I said I pled guilty, you
know. That's all I can do, you know. I ain't got no defense." Appellant said he pled guilty
because he could not afford an attorney and he felt he had no other choice. If he had been
appointed one, he averred he would have pled not guilty and gone to trial but, without one,
he had no other choice but to enter the plea.

 Under cross-examination, he denied that the waiver of attorney was explained to
him. He admitted that he signed the instrument indicating he could read, write and
understood the English language but, in explanation, he said: "Well, I can understand it
not too good. I read it, but I can't -like when I read it, I don't know what I read, you know." 
He also admitted he did not tell the county judge he wanted a continuation so he would
have more time to try to sell his Petersburg property. He admitted that he had never listed
his Petersburg property for sale and had only placed a "for sale" sign on it. He also
admitted that if he was able to sell his car and his property, he would have had $6,200 at
his disposal and that if he kept the car, he would have $5,200. He did not know how much
his wife spent on food each month. When queried about his monthly phone bill estimate
in his affidavit, he averred that he had lost his phone but, before he did so, his bill ran from
$400 to $600 per month because "the farm would be calling me." He had no records to
verify his gasoline expense and admitted that the figure of $150 per week was an estimate. 
He also admitted that his income was seasonal and at the time of the execution of his
affidavit, it was a slack time of the year. 

 Appellant further admitted that in March of 2003, he had received another felony
DWI charge in Lubbock County and the authorities were using the charge here to enhance
that charge to felony grade and he did not want that to happen. He had not raised the lack
of counsel challenge to the instant offense until after the Lubbock County charge was
made.

 The State does not contest that appellant had a legal right to counsel at the trial of
this offense and that if he was not financially able to employ counsel, he was entitled to the
appointment of such counsel. See Alabama v. Shelton, 535 U.S. 654, 662, 122 S.Ct.
1764, 1770, 152 L.Ed.2d 188 (2002); Scott v. Illinois, 440 U.S. 367, 373-74, 99 S.Ct. 1158,
1162, 59 L.Ed.2d 383 (1979); Tex. Code Crim. Proc. Ann. art 1.051(b) & (c) (Vernon Supp.
2004). However, it contends that under this record, appellant did not show that he was "not
financially able to employ counsel" within the purview of article 1.051(b) of the Code of
Criminal Procedure. 

 Subsequent to the habeas hearing, the trial judge entered his findings of fact and
conclusions of law. In findings of fact relevant to this discussion, he found that after
appellant had been notified prior to the trial that no attorney would be appointed, at the
trial, he did not ask for a hearing on the refusal, nor did he otherwise complain of the
refusal. He also found that at the trial on the merits, appellant appeared and reached a
plea bargain with the prosecutor. Appellant signed a written waiver of lawyer form in which
he certified that he could read the English language, that he had the right to have a lawyer,
but that he did not want the court to appoint a lawyer. On the same day, the trial court
honored the plea bargain, which resulted in appellant being placed on probation for a
period of two years. The court also found that appellant continued on probation until March
2, 2003, when appellant was again arrested for DWI. That DWI offense was charged as
a felony because of two prior convictions of DWI, one of which was the Hale County
conviction discussed here. The habeas judge also found that appellant made no complaint
that he did not intelligently and voluntarily waive his right to counsel in the Hale County
case prior to the March 2, 2003 arrest. He further found that there were no coercive
circumstances present surrounding appellant's waiver. Based upon its fact findings, the
habeas court concluded that appellant had knowingly and voluntarily waived his right to
counsel in the Hale County DWI case and that he was lawfully confined. 

 As appellant recognizes, whether an accused is indigent depends upon the facts of
each individual case. See Ex parte Bain, 568 S.W.2d 356, 361 (Tex. Crim. App. 1978). 
At the habeas hearing, the judge was the trier of fact and we are not at liberty to disturb
any finding that is supported by the record. Dewberry v. State, 4 S.W.3d 735, 747-48 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). 
Under the facts adduced in the affidavit, we cannot say that the habeas judge abused his
discretion in concluding that under the facts set out in the affidavit, appellant had not
shown the lack of assets and due diligence to raise money to hire counsel through the
mortgaging, sale, or other use of those assets. Moreover, also under this record, we
cannot say the habeas judge abused his discretion in finding the record sufficient to justify
a conclusion that appellant knowingly, intelligently, and voluntarily waived his right to
counsel at the trial on the merits and there were no coercive circumstances present
surrounding that waiver.

 Accordingly, appellant's issue is overruled and the judgment of the trial court is
affirmed. 


 John T. Boyd

 Senior Justice


Do not publish. 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).